**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:25-CR-00051-ALM-BD |
| | § | |
| DANIEL HURLEY SHUMATE | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Daniel Hurley Shumate's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on August 20, 2026, to determine whether Defendant violated his supervised release. Defendant was represented by Matt Hamilton. The Government was represented by Steve Fawcett.

Defendant was sentenced on January 18, 2023, before The Honorable Robert C. Brack of the District of New Mexico after pleading guilty to Count One: Felon in Possession of a Firearm and Ammunition, a Class C felony and Count Two: Receipt or Possession of an Unregistered Firearm. Both offenses carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 30 and a criminal history category of II, was 108 to 135 months. Pursuant to a binding plea agreement for a variance accepted by the Government, Defendant was subsequently sentenced below the guideline range to 60 months imprisonment on each count to run concurrently, followed by a 2-year term of supervised release on both counts. The terms were ordered to run concurrently. The terms of supervised release are subject to the standard conditions of release, plus special conditions to include alcohol abstinence, substance abuse treatment and testing, person and property search, mental health medication and treatment, no drug possession that impairs mental or physical functioning, no transporting,

possessing drug paraphernalia, and a $200 special assessment. On December 31, 2024, Daniel Hurley Shumate completed his period of imprisonment and began service of the supervision term. On March 11, 2025, a Transfer of Jurisdiction was filed and Texas Eastern assumed jurisdiction of the case. It was assigned to Chief United States District Judge Amos L. Mazzant, III. (Dkt. #10, at p. 1, Sealed).

On May 20, 2026, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #2, Sealed). The Petition asserts that Defendant violated six (6) conditions of supervision, as follows: (1) (mandatory) Defendant must not commit another federal, state or local crime; (2) (mandatory) Defendant must not unlawfully possess a controlled substance; (3) (mandatory) Defendant must refrain from any unlawful use of a controlled substance; (4) (special) Defendant must not use or possess alcohol; (5) (standard) Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses Defendant from doing so. If Defendant does not have full-time employment Defendant must try to find full-time employment, unless the probation officer excuses Defendant from doing so. If Defendant plans to change where he works or anything about his work (such as Defendant's position or his job responsibilities), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change; and (6) (standard) Defendant must not communicate or interact with someone he knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, Defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer (Dkt. #2 at pp. 1-3, Sealed).

The Petition alleges that Defendant committed the following acts: (1)-(2) On April 22, 2026, Defendant was arrested by the Texoma Western Transnational Organized Crime Task Force (TWTOCTF) for Possession of a Controlled Substance Less Than One Gram-Methamphetamine. He was transported to the Grayson County Jail, and at the time the Petition was filed, Defendant was out on a $5,000 bond. At the time the Petition was filed, no formal charges had been filed, and the matter remained pending in Grayson County. Defendant had been in contact with the probation officer. According to the Grayson County Sheriff's Office Offense Report, the TWTOCTF executed a search and arrest warrant at Defendant's approved residence for another occupant of the home. The target of the investigation was Defendant's stepson, Joshua David Taylor. The residence was shared by Defendant, his wife, Joshua Taylor, and his family. In Mr. Taylor's vehicle, 1.49 grams of cocaine, 92.28 grams of methamphetamine, 13 firearms, and hundreds of rounds of ammunition were found. Defendant's living quarters were also searched, and less than one gram of methamphetamine and some ammunition was found in his space/bedroom; (3) On January 27, 2025, Defendant admitted, in writing, to using methamphetamine. No specimen was collected. Therefore, it was not sent to the national testing laboratory. On April 25, 2025, Defendant submitted a urine specimen which tested positive for methamphetamine, amphetamine, and buprenorphine. The specimen was confirmed positive by the national testing laboratory. On May 14, 2026, Defendant submitted a urine specimen which tested positive for methamphetamine. He signed a written admission attesting to his use of methamphetamine on May 13, 2026; (4) On April 25, 2025, Defendant submitted a urine specimen which tested positive for alcohol. The specimen was confirmed positive by the national testing laboratory; (5) On January 7, 2025, Defendant was instructed to obtain and maintain full-time employment of at least 30 hours per week. At the time of the Petition was filed, Defendant had not obtained employment since being

on supervision; and (6) Since the onset of his supervision, Defendant resided at 153 Kevin Drive, Bells, Texas. The residence was shared by him, his wife, Joshua David Taylor (his stepson), and Mr. Taylor's family. On April 22, 2026, the residence was the target of an ongoing methamphetamine investigation, in which his stepson was the subject of interest. Although Defendant lived outside of the residence in a converted shed, he still had to access the main house because the shed was not equipped with all the required facilities. As such, Defendant was interacting with Mr. Taylor, knowing criminal activity was happening at the home. (Dkt. #2 at pp. 1–3, Sealed).

Prior to the Government putting on its case at the final revocation hearing, the Government moved to dismiss allegations (1), (2), and (6). Defendant entered a plea of true to allegations (3), (4), and (5) of the Petition. Having considered the Petition and the plea of true to allegations (3), (4), and (5) the court finds that Defendant did violate his conditions of supervised release.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons for an additional term of imprisonment of eight (8) months, with no term of supervised release to follow.

The court recommends that the Government's motion to dismiss allegations 1, 2, and 6 should be granted.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**IT IS SO ORDERED**.

**SIGNED this 9th day of September, 2026.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE